IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID GARREN,<br><br>                    Plaintiff<br><br>VS.<br><br>HOWARD GREG CORNELIUS,<br><br><br>                    Defendant | <br><br><br><br>NO. 5: 05-CV-369 (CWH)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## O R D E R

Before the court is the defendant's MOTION TO COMPEL (Tab #15), the plaintiff's RESPONSE to that motion (Tab #18), and the defendant's REPLY (Tab #19). At issue is whether the plaintiff has adequately responded to the defendant's Interrogatories and Requests for Production.[1] After review of the filings, this court finds it necessary to remind the parties that the purpose of discovery is to provide a mechanism for making relevant information available to the litigants; it is not meant to be a device to find loopholes by which parties can avoid disclosing information.

Rule 26 of the *Federal Rules of Civil Procedure* provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." That intentionally broad language was meant to stop trivial disputes like the one before this court. All of the information requested by the defendant in his Interrogatories is relevant to this case, and none of the information is privileged.

---

[1] The defendant's Motion (Tab #15) also requests the court to order the plaintiff to provide the defendant with Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. In his response the plaintiff asserts that he timely filed the Rule 26 disclosures and the defendant mentions the initial Disclosures in his Reply. The Initial Disclosures will therefore be discussed no further.

With respect to Interrogatory number 4 which requests information pertaining to plaintiff's medical insurance information, the plaintiff submitted ten invalid objections to the request. The plaintiff's only answer to the Interrogatory was that he had "Teamster Insurance." That answer is essentially useless to the defendant. In his Response, the plaintiff asserts the "[d]efendant simply wanted information from the Plaintiff that he did not have available at that time." Such language implies a willingness to comply with the Interrogatory when such information becomes available. Accordingly, the plaintiff is hereby ORDERED to provide all information relating to his medical insurance including policy numbers and/or claim numbers to the defendant **as soon as it can be made available**. Alternatively, if no insurance company has paid any of the plaintiff's medical bills, the plaintiff is ORDERED to reveal all relevant information with respect to the arrangements of medical payments.

With respect to Interrogatory number 5 which requests the contact information of witnesses, the plaintiff appears to have supplied that information to the best of his ability in his Response. If and when more precise or more accurate information becomes available with respect to these witnesses, the court expects the parties to exchange such information in a timely manner.

Interrogatory number 8 requests the names of people whose statements the plaintiff took in connection with this case, the dates the statements were taken, and the custodian of the statements. The plaintiff has listed a dozen objections to this request, apparently interpreting the defendant's Interrogatory as requiring the submission of those statements themselves. While the statements themselves are not – at this point – subject to discovery, the names and contact information for the people who made those statements are. In the event that any of those statements themselves became subject to discovery (which it is emphasized is not the case at this point), the defendant would need to know their custodian in order to obtain them.

Interrogatory number 12 requests the medical history of the plaintiff. Here the plaintiff offered nine objections, the only one of which *could* be valid is that the information is confidential, but states no reason why that is the case. If the plaintiff has received overtly personal or confidential treatment in the proposed time period, he may make a specific objection to revealing that information, but since finding the details of any preexisting conditions is vital in any case where injuries are alleged, the plaintiff is ORDERED to disclose the names and contact information for every medical professional who has treated him for any medical condition within the past ten years.

While the defendant's Motion mentions the plaintiff's failure to respond adequately to Interrogatory number 13 which deals with medical bills, both the plaintiff's Response and defendant's Reply are silent as to this Interrogatory. The defendant mentions in his reply, however, that the Initial Disclosures include some details of medical bills. Since the amount of medical bills and identity of the party who has paid them are relevant in this matter, if the plaintiff has not yet answered Interrogatory 13 completely, he is hereby ORDERED to do so.

Interrogatory number 16 requests the criminal history of the plaintiff. In his response, the plaintiff makes no objection to the request for guilty pleas or convictions, but objects that the interrogatory inquires about arrests. The plaintiff did not, however, submit any information regarding any prior convictions. In his reply the defendant does not contest the admissibility or discoverability of prior arrests. Accordingly, the plaintiff is hereby ORDERED to submit any convictions or guilty pleas (other than minor traffic violations) to the defendant. If the defendant still wishes to get details of any prior arrests of the plaintiff, the court will entertain briefs on that specific subject at a later time.

Accordingly, defendant's Motion to Compel is GRANTED to the extent set forth above. The undersigned expects plaintiff to comply with the dictates of this Order no later than May 31, 2006.

SO ORDERED AND DIRECTED, this 9th day of MAY, 2006.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE